IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENCOMPASS INSURANCE COMPANY,

    Plaintiff,                                    No. CIV S-06-1843 KJM

    vs.

KRISTINA BERNHARD,

    Defendant.                                 <u>ORDER</u>

_____/

        Defendant's motion for summary judgment came on regularly for hearing March 12, 2008. Blane Smith appeared for plaintiff. Kerrie Webb appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this declaratory relief action, defendant argues that the insurance policy at issue is ambiguous as to whether underinsurance coverage is provided when the only vehicle involved in an accident is the insured vehicle. This contention cannot withstand the plain language of the policy in this case, which includes in the definition of "uninsured" motor vehicle an "underinsured motor vehicle." Webb Decl., Ex. 2 at 1-2. In the same paragraph setting forth the definition of "uninsured" vehicle, exclusions also are set forth that exclude from uninsured coverage the vehicle involved in the subject accident. Because the plain language of the policy

1 includes "underinsured" in the definition of "uninsured," the court finds no ambiguity in the
2 contract, which is consonant with the provisions of the California Insurance Code. Nor is there
3 any conflict evident between the general provisions of California Insurance Code § 11580.2 and
4 subdivision (p) of that code section in the circumstances presented here. Defendant fails to
5 articulate any public policy reason why a different result should obtain in this case.

6 Moreover, defendant's argument is contrary to well settled California law. There
7 must be <u>another</u> vehicle involved in the accident, other than the vehicle covered by the insurance
8 policy at issue, in order to trigger uninsured/underinsured motorists coverage. See <u>Royal Ins. Co.</u>
9 <u>v. Cole</u>, 13 Cal. App. 4th 880, 889 (1993) (interpreting underinsured provisions of Cal. Ins. Code
10 § 11580.2(p)(2)). Here, the accident involved only one vehicle, which was expressly covered by
11 the insurance policy at issue. As such, under <u>Cole</u> and its progeny, there can be no
12 underinsurance coverage. That the driver of the vehicle also had a liability policy applicable to
13 the accident cannot transmogrify the status of the vehicle. See <u>Mercury Ins. Co. v. Enterprise</u>
14 <u>Rent-a-Car</u>, 80 Cal. App. 4th 41, 47-48 (2000) (uninsured motorist's coverage depends on the
15 status of the vehicle, not the driver).

16 At oral argument, the court inquired of counsel whether summary judgment
17 should be granted to plaintiff if the coverage issue were decided adverse to defendant as a matter
18 of law. Defendant conceded there is no further briefing that could be offered on the
19 determinative issue. In light of the court's determination that there is no underinsurance coverage
20 available under the policy at issue, summary judgment will be granted for plaintiff.

21 Accordingly, IT IS HEREBY ORDERED that:
22 1. Defendant's motion for summary judgment is denied.
23 2. Summary judgment is granted for plaintiff.
24 DATED: March 25, 2008.

26 006 encompass.57

U.S. MAGISTRATE JUDGE

2